UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

VERON BRIGGS,

                          Plaintiff,

                                                                               1:22-CV-1221
            v.                                                               (DNH/DJS)

JUSTIN BYRNES, *et al.*,

                          Defendants.
_____

**APPEARANCES:**                                      **OF COUNSEL:**

VERON BRIGGS
Plaintiff Pro Se
Troy, New York 12182

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

      The Clerk has sent for review a civil Complaint filed by Plaintiff. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2. After reviewing the submission, the Court finds that Plaintiff meets the requirement for economic need and thus may properly proceed with this matter *in forma pauperis*.

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action. Plaintiff is proceeding pro se and "[w]e afford a pro se litigant 'special solicitude' by interpreting

a complaint filed pro se 'to raise the strongest claims that it suggests.'" *Warren v. Sawyer*, 691 F. App'x 52 (2d Cir. 2017) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "It is also the well-established law of this circuit that *sua sponte* dismissal of a *pro se* complaint prior to service of process on defendant is strongly disfavored." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983).

Plaintiff alleges that he was falsely arrested by Defendants in March 2022. *See generally* Compl. The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether Plaintiff can ultimately prevail. Nor does this Order address whether Plaintiff's Complaint would be sufficient to avoid dismissal upon the filing of a proper motion. At this early stage of the proceedings, however, the Complaint contains sufficient allegations to warrant a responsive pleading from Defendants.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint be accepted for filing and that this case be allowed to proceed; and it is further

**ORDERED**, that the Clerk shall issue Summonses and forward them along with a packet containing General Order 25, which sets forth the Civil Case Management Plan used by the Northern District of New York, along with copies of the Complaint and this Order to the United States Marshal for service upon the Defendants; and it is further

**ORDERED**, that a response to the Complaint be filed by Defendants or Defendants' counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on Defendants; and it is further

**ORDERED**, that the Clerk is directed to schedule a Rule 16 Conference before the assigned Magistrate Judge; and it is further

**ORDERED**, that all motions shall comply with the Local Rules of Practice of the Northern District.  In accordance with the Local Rules, **<u>Plaintiff must promptly notify the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his failure to do so will result in the dismissal of this action</u>**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  December 8, 2022
         Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge