**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

VERON BRIGGS,

                                        Plaintiff,

                                                                1:22-CV-1221
                v.                                                  (DJS)

N. CASEY, *et al.*,

                                        Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

VERON BRIGGS
Plaintiff, *Pro Se*
Troy, New York 12182

PATTISON SAMPSON GINSBERG &            RHIANNON I. GIFFORD, ESQ.
GRIFFIN PLLC
Attorney for Defendants
P.O. Box 208
22 First Street
Troy, New York 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

### MEMORANDUM-DECISION AND ORDER[1]

    *Pro se* Plaintiff Veron Briggs brings this 42 U.S.C. § 1983 civil rights action

alleging that Defendants falsely arrested him in violation of his constitutional rights.  *See*

*generally* Dkt. No. 20, Am. Compl.  Pending before the Court is Defendants' Motion for

Summary Judgment seeking dismissal of the Complaint in its entirety.  Dkt. Nos. 25 &

---

[1] Upon the parties' consent this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 15.

25-11, Defs.' Mem. of Law.  Plaintiff filed an opposition to the Motion to which Defendants replied.  Dkt. No. 33, Pl.'s Opp.; Dkt. No. 36.  Plaintiff's opposition is styled as a cross-motion for summary judgment.  *See generally* Pl.'s Opp.

For the reasons set forth below, Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's Cross-Motion is **DENIED**.[2]

## I. BACKGROUND

Plaintiff alleges that he was falsely arrested days after Defendants arrived on the scene of an inactive domestic dispute between Plaintiff and Ms. Nevaeh Wright.  Am. Compl. at pp. 2-4; Dkt. No. 25-1 at ¶¶ 4-5, 8, 13.  At the time Defendants arrived on the scene, Plaintiff was no longer present.  Dkt. No. 25-1 at ¶ 5.  The alleged victim, Ms. Wright, then told Defendants that Plaintiff physically assaulted her, called her profanities, and threatened to kill her.  Dkt. No. 25-1 at ¶ 6.  She also provided a written statement to that effect.  Dkt. No. 25-4 at p. 2.  Corroborating her allegations was a visible gash on her face personally observed by the Defendants.  Dkt. No. 25-1 at ¶ 6; Dkt. No. 25-2 at ¶ 6. Based on this information, and because Plaintiff was not at the scene, Defendants prepared both an application for an arrest warrant and accusatory instruments charging Plaintiff with (1) criminal obstruction of breathing by applying pressure in violation of New York Penal Law § 121.11(a) and (2) third degree assault with intent to cause physical injury in violation of New York Penal Law § 120.00(1).  Dkt. No. 25-1 at ¶ 10.  On March 28, 2022, the arrest warrant was issued.  Dkt. No. 25-7.  The following week, Plaintiff

---

[2] The Court notes that Plaintiff's Cross-Motion is untimely because it was filed after the response date set by the Court.  Dkt. Nos. 31-33.  Nor does it comply with the Court's Local Rules for filing a cross-motion.  *See* L.R. 7.1(c).

was arrested pursuant to that arrest warrant.  Dkt. No. 25-6.  Defendants were not present

and did not participate in the arrest.  *Id.*; Dkt. No. 25-1 at ¶ 13; Dkt. No. 25-2 at ¶ 16.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV.

P. 56(a).  The moving party bears the burden to demonstrate through "pleadings,

depositions, answers to interrogatories, and admissions on file, together with . . .

affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*,

34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986)).  To defeat a motion for summary judgment, the non-movant must set out specific

facts showing that a genuine issue exists and cannot rest merely on allegations or denials

of the facts submitted by the movant.  FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*,

344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not

sufficient to defeat a motion for summary judgment when the moving party has set out a

documentary case.").

When considering a motion for summary judgment, the court must resolve all

ambiguities and draw all reasonable inferences in favor of the non-movant.  *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "[T]he trial court's task at the summary

judgment motion stage of the litigation is carefully limited to discerning whether there

are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short,

is confined at this point to issue-finding; it does not extend to issue-resolution."  *Gallo v.

Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Defendants seek summary judgment arguing that probable cause supported Plaintiff's arrest, Defendants are nevertheless entitled to qualified immunity, and any Eighth Amendment claim is baseless. *See generally* Defs.' Mem. of Law. For the reasons set forth below, Defendants' Motion is granted.

### A. False Arrest

"To establish a § 1983 claim for false arrest, [Plaintiff] must adduce evidence that: (i) the [Defendants] intended to confine [him]; (ii) [Plaintiff was] conscious of the confinement; (iii) [Plaintiff] did not consent to being confined; and (iv) the confinement was not otherwise privileged." *Berg v. Kelly*, 897 F.3d 99, 106 (2d Cir. 2018). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999) (internal quotation marks omitted); *see also Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("There

can be no federal civil rights claim for false arrest where the arresting officer had probable cause.").

> [P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime . . . . The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers[.]

*Maron v. Cnty. of Albany*, 166 F. App'x 540, 541-42 (2d Cir. 2006) (internal quotation marks omitted).

The Supreme Court has emphasized that probable cause to arrest does not require "an actual showing of [criminal] activity," "only a probability or substantial chance of criminal activity." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018). Thus, where officers may reasonably infer criminal activity, probable cause exists. *See, e.g.*, *Hotaling v. LaPlante*, 167 F. Supp. 2d 517, 521 (N.D.N.Y. 2001) ("Even viewing the facts and inferences in the light most favorable to the plaintiff, the record reflects that [the defendant] did have probable cause to arrest . . . [b]ecause a reasonable person would find that the statements of the alleged victim and witnesses to the incident constitute knowledgeable and trustworthy sources."). Moreover, where a victim provides a written statement in support of charging someone with a crime, the arresting officer "has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

Here, the existence of probable cause justifies Plaintiff's arrest. Soon after Defendants arrived on the scene, Ms. Wright provided a written statement alleging that

Plaintiff slapped and punched Ms. Wright in the face and choked her while threatening to end her life. Dkt. No. 25-4 at p. 2. As a result of the physical assault, Ms. Wright suffered a cut lip and facial pain. *Id.* Defendants did not speak to or arrest Plaintiff because he was "not on the scene at the time [Defendants] arrived." Dkt. No. 25-1 at ¶ 8. However, the facts presented above provided probable cause for Defendants to reasonably believe Plaintiff violated New York law by: (1) intentionally, knowingly, and unlawfully committing the misdemeanor of criminal obstruction of breathing or blood circulation, with the intent to impede the normal breathing or circulation of the blood of another by applying pressure on the throat or neck of such person in violation of New York Penal Law § 121.11(a) when he allegedly choked Ms. Wright; and (2) intentionally, knowingly, and unlawfully committing the misdemeanor of assault in the third degree with intent to cause physical injury in violation of New York Penal Law § 120.00 when he allegedly punched and slapped Ms. Wright in the face.

Moreover, Plaintiff's claim must relate to Defendants' role in obtaining the search warrant that led to his arrest – not merely the alleged false arrest. The issuance of an arrest warrant alone, "which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause." *Washington v. Napolitano*, 29 F.4th 93, 105 (2d Cir. 2022) (internal quotation marks and alterations omitted). "To overcome this presumption, a plaintiff must show that the officers knowingly or recklessly omitted material information from the warrant affidavit." *See Mara v. Rilling*, 921 F.3d 48, 73 (2d Cir. 2019). Plaintiff's Amended Complaint and Opposition allege only that Defendants acted both negligently and maliciously when

"falsif[ying] [a] crime against [P]laintiff ultimately leading to Plaintiff['s] false arrest." Am. Compl. at p. 1; Dkt. No. 33-4 at p. 2.  Plaintiff's conclusory allegations are insufficient to rebut the presumption of probable cause because the Defendants' affidavits are wholly consistent with Ms. Wright's written statement.  *See generally* Dkt. No. 25-1; Dkt. No. 25-2; Dkt. No. 25-4.  Thus, Plaintiff's conclusory allegations, without more, do not create a genuine issue of material fact as to Defendants' conduct.  In fact, the parties are in complete agreement regarding the facts here, as Plaintiff's version of events is identical to Defendants, only differing by asserting Defendants abused their authority when arresting Plaintiff and should have known Plaintiff was "the protected party."  Am. Compl. at p. 3; Pl.'s Opp. at pp. 7-8.  Because the undisputed facts leading to the arrest warrant and ultimate arrest show that probable cause existed, the Court grants Defendants' Motion on this ground.

## B.  Qualified Immunity

Even if probable cause did not exist, summary judgment is still warranted. Qualified immunity shields a defendant from liability where it is "objectively reasonable for [the defendant] to believe that his acts did not violate [the plaintiff's] rights." *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987).  It is well settled that "the issuance of a[n] [arrest] warrant . . . which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause," such that the officers are entitled to qualified immunity.  *See, e.g.*, *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991).  As previously discussed, to overcome this presumption, a plaintiff must show that the officers knowingly or recklessly omitted

material information from the warrant affidavit. *Washington v. Napolitano*, 29 F.4th at 105.

Here, Defendants are entitled to qualified immunity. In sum, Ms. Wright provided a written statement alleging that Plaintiff physically assaulted her. Dkt. No. 25-4 at p. 2. Because Plaintiff was not at the scene, Defendants applied for an arrest warrant. Dkt. No. 25-1 at ¶ 9. Finding that probable cause for the arrest existed, the arrest warrant was issued by Judge Anne Coonrad. Dkt. No. 25-7. This alone entitles Defendants to qualified immunity. *Golino v. City of New Haven*, 950 F.2d at 870. Once again, Plaintiff's conclusory allegations do nothing to suggest otherwise. Moreover, acting on the allegations made by Ms. Wright, and for the same reasons detailed above, it was reasonable for Defendants to believe that Plaintiff violated New York Penal Law creating probable cause to apply for the arrest warrant. For these reasons, the Court grants summary judgment on this ground.

## C. Eighth Amendment

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The keyword is *prisoner*. It is well-settled that the Eighth Amendment "does not apply to individuals who are detained pre-trial as they 'have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise.'" *Laurent v. Edwin*, 528 F. Supp. 3d 69, 85 (E.D.N.Y. 2021) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). While a false arrest claim implicates the Fourth Amendment it does not implicate the Eighth. *See,*

*e.g.*, *Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 579 (S.D.N.Y. 2002).  Thus, summary judgment should be granted where a plaintiff does not state an Eighth Amendment claim. *Thomas v. City of New York*, 2012 WL 4889257, at *3 (S.D.N.Y. Oct. 16, 2012).

Here, Plaintiff asserts that his alleged false arrest violated his Eighth Amendment rights.  Am. Compl. at p. 4.  However, it is undisputed that Plaintiff was a mere pre-trial detainee upon his arrest.  Plaintiff does not allege any facts suggesting that he was a prisoner subject to cruel and unusual punishment.  *See generally* Am. Compl.; Pl.'s Opp.  Given the fact that the Eighth Amendment does not apply to Plaintiff's claim, and he has failed to plead any facts suggesting otherwise, summary judgment is granted on this ground.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 25) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 33) is **DENIED**; and it is further

**ORDERED**, that the Amended Complaint (Dkt. No. 20) is **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Dated: May 1, 2024
         Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge